IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE J. LIPSCOMB, et al.,    )
                          )
     Plaintiffs,        )
                          )
v.                       )    CIVIL ACTION FILE
                       )    NO. 1:04-CV-2702-GET-CCH
LOCKHEED MARTIN AERONAUTICS   )
COMPANY, et al.,           )
                       )
     Defendants.       )

## STIPULATED PROTECTIVE ORDER

Plaintiffs Willie J. Lipscomb and Christ Swan (hereinafter "Plaintiffs") and Defendants Lockheed Martin Aeronautics Company and Lockheed Martin Corporation (hereinafter "Defendants") (hereinafter, collectively, the "Parties") agree that the distribution and disclosure of certain confidential documents and information made available to the parties in this Action should be limited. Accordingly, the Parties hereby agree to the terms of this Stipulated Protective Order ("Order"), which is intended to protect the confidential nature of such documents and information produced by the Parties in this Action.

    1.  The following definitions shall apply to this Order.

        a.  "Action" shall refer to the above-captioned proceedings.

b.   "Document" includes, without limitation, any documents or information provided in responses to the Parties' discovery requests (including, but not limited to, answers to interrogatories, responses to requests for production of documents, and responses to request for admissions), transcripts or other recordings of any depositions (including video or audio depositions) and any exhibits thereto, any documents or information received from non-parties pursuant to a third-party request for production or subpoena by a party (excluding information gained by counsel for any party through witness conversations or other methods that do not require a formal written request for production of documents to a non-party) or other confidential written, recorded or graphic materials produced in this Action.

c.   "Producing Party" shall mean the person or entity producing Documents, information or other materials in this Action.

d.   "Receiving Party" shall mean the person or entity to whom any such Documents, information or other materials in this Action are being produced.

e.   "Confidential Information" shall mean all Documents, information or materials that a Producing Party has designated as Confidential and, in good faith, considers to be

or otherwise contain trade secrets, proprietary business information, or other confidential personal information, including, but not limited to, medical and financial records of Plaintiffs, and personnel, financial and payroll records of Defendants, any affiliate thereof and/or any current or former employee of Defendants or any affiliate thereof.

f.   When reference is made in this Order to any Document, information or party, the singular shall include the plural, and plural shall include the singular.

2.   Any Document, information or other materials produced by a Party that are subject to this Order shall be separately numbered (i.e., Bates stamped) and labeled "Confidential" by the Producing Party.

3.   To the extent Plaintiffs sign Medical Releases allowing their doctors to provide copies of their medical records to counsel for Defendants, counsel for Defendants will label those records "Confidential" when they are received, and all of the Parties to this lawsuit will treat such records as Confidential.  Prior to the commencement of a deposition, a Party may declare all or a portion of the deposition as Confidential by providing written notice to the Parties' counsel in this action.  No person shall attend portions of a deposition pre-designated as Confidential unless he/she is

authorized to receive Confidential Information under paragraph 7 of this Order, absent a Court Order entered prior to the deposition allowing the same.  If counsel for the deposing party wishes to disclose Confidential Information to a non-Party deponent during a deposition, unless that Confidential Information concerns the deponent himself or herself, counsel must advise the deponent of this Order, inform the deponent that the Confidential Information is protected pursuant to this Order and request that the deponent agree to abide by this Order, as set forth in paragraph 8.  Designations of confidentiality with respect to all or portions of any deposition transcript also may be made in writing within 30 days after the court reporter has furnished the Parties' counsel with a copy of the deposition transcript.  Such designations must specify the pages of the transcript and/or the number of the exhibit being designated as Confidential.  If counsel for a Party discloses Confidential Information to a witness or potential witness in this case outside of a deposition, unless that Confidential Information concerns the witness himself or herself, counsel will advise the witness of this Order, inform the witness that the Confidential Information is protected pursuant to this Order and request that the witness agree to abide by this Order, as set forth in

paragraph 8.   If counsel for a party inadvertently discloses Confidential Information to anyone outside of the bounds of this Stipulated Protective Order, upon realization of the inadvertent disclosure, the attorney will promptly inform the person that the Confidential Information is protected pursuant to this Order, provide such person with a copy of this Order, and request that the person agree to abide by this Order.   If the person will not agree to abide by this Order, the attorney who inadvertently disclosed the Confidential Information shall promptly inform opposing counsel of the same.   It shall not be a violation of this Stipulated Protective Order for any party to fail to treat documents as confidential until such time as the documents have been designated as confidential, provided that counsel for the parties understand that Defendants consider all medical documents and personnel documents they produce related to their current or former employees to be confidential.

4.   Upon notification of the Confidential designation, the Parties shall make no further disclosure of the Confidential Information except as allowed under this Order or as required by law and shall treat the Confidential Information as Confidential, unless and until this Court orders otherwise.

5.   A Receiving Party who opposes the designation of any Document, information or materials (including, but not limited to, any deposition transcript or exhibits) as Confidential, within 14 days of the designation, may notify the Producing Party, in writing, that the party objects to the classification of confidentiality.   The Parties shall attempt to resolve any such dispute within seven (7) business days of receipt of written notification of the objection.   In the event that the Parties are unable to resolve any such dispute without court intervention, the Receiving Party objecting to the designation may file a Motion with the Court within 60 days of being notified of the Confidential designation that is being disputed and ask the Court to determine whether the Document or other information is entitled to protection as Confidential Information under this Order.

6.   Confidential Information shall only be used by the Parties hereto for purposes of the prosecution or defense of this Action (including appeals) and for no other purpose, and shall not be disclosed except in accordance herewith.   Nothing in this Stipulated Protective Order is intended to prevent Plaintiffs' counsel from disclosing Confidential Information about Plaintiffs to third parties if Plaintiffs have given her permission to do so.

7.   Except with prior written consent of the Producing Party, no Confidential Information, copies thereof, any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom may be disclosed to any person other than:

a.   Counsel of record in this Action and such staff as are involved in the prosecution or defense of this Action; or

b.   The Parties to this Action and such staff as are involved in the prosecution or defense of this Action (Plaintiffs may also share Confidential Information with their current spouses, without showing them any documents marked Confidential Information, if settlement discussions are underway and they believe in good faith that sharing the information is necessary to help them decide whether to accept a settlement offer); or

c.   In-house counsel of the Defendants and such staff as are involved in the defense of this Action; or

d.   Other employees of the Defendants or any affiliates thereof as are involved in the defense or prosecution of this Action; or

e.   Experts and consultants consulted by persons described in (a), (b), (c) or (d) above in connection with this

action (whether in preparation for trial or in the presentation of evidence, or in connection with trial, motions, testimony, evaluation, advice or otherwise in connection with this Action) and their staff and support personnel; or

   f. Court reporters while in the performance of their official duties, provided that these persons may retain Confidential Information only so long as is necessary for the conduct of their duties in this Action; or

   g. The Court and its staff; or

   h. Any deponent and/or witness (or such person(s) counsel has a good faith believe may be a witness) in this Action, subject to paragraph 3.

  8. Except for those persons identified in subparagraphs 7(a), (b), (c), (d), (e), (f) and (g) above, no person authorized under this Order to receive access to Confidential Information shall be granted such access until: (i) the party intending to make such disclosure has provided such person with a copy of this Order, and (ii) the person has been given an opportunity to read this Order and agrees, verbally or in writing, to be bound by this Order.  This Paragraph does not prevent Plaintiffs from disclosing Confidential Information about themselves, nor does is prohibit Plaintiffs' counsel from communicating with Plaintiffs' medical providers about the

treatment they provided Plaintiffs, with Plaintiffs' consent. This Paragraph similarly does not prevent counsel for a party from disclosing Confidential Information concerning a particular individual to the individual himself or herself without the need for such individual to agree to the terms of this protective order.   Furthermore, this Stipulated Protective Order does not prohibit counsel for a party from sharing information he or she learns from a source other than the Producing Party; rather, it only applies to information that has been produced by a party to the lawsuit and designated as Confidential Information.   Thus, if counsel for a party learns information from a third party, which information is also contained within a document designated as Confidential Information, the information so learned may be used as if it is not confidential, while the documents designated as Confidential Information will remain Confidential Information.

9.   The provisions of this Order shall not terminate at the conclusion of this Action but shall survive the conclusion of the Action.   At the conclusion of this action, at the request of a Party that produced Confidential Information, the Receiving Party shall return to the Producing Party all Confidential Information produced by the Producing Party.

10.  If, at any time, Confidential Information and/or any information contained exclusively therein in the possession of a Receiving Party, or a person or entity employed or retained by the Receiving Party, is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Information, the party to whom the subpoena is directed will not produce such Confidential Information without first giving written notice of the subpoena (including the delivery of a copy thereof) to the Producing Party.

11.  If a party wishes to make a disclosure not permitted by paragraph 7 (a)-(h), neither the disclosing party nor his/its counsel shall effectuate such disclosure without first obtaining the written consent of the Producing Party's counsel. If the Producing Party's counsel is not agreeable to the planned disclosure, the party seeking the disclosure may request the approval of the Court to effectuate such disclosure provided that proper notice of such hearing before the Court is given to the Producing Party's counsel.

12.  Absent any specific order from the Court regarding the use of Confidential Information in connection with any motion in this Action, any documents available for public viewing that contain Confidential Information or any facts or

information contained therein shall have such Confidential Information redacted.  With respect to any documents filed with the Court, it shall be the responsibility of the party submitting the documents to the Court to provide the Judge with copies without such redactions.  In the alternative, the party submitting such documents may obtain court approval to file the Confidential Information under seal with instructions to the Clerk that such documents are being submitted pursuant to this Order, a copy of which shall be attached.

13.  If, at any time, any Document or information that a party believes, in good faith, to be Confidential Information is released, produced or otherwise made available through inadvertent error, mistake or mishap, there shall be no waiver or release of any claim of privilege or confidentiality provided that the Producing Party promptly notifies the Receiving Party in writing upon learning of the inadvertent disclosure.  Upon receipt of such notification, the Receiving Party shall take all reasonable steps to ensure that all known copies of the Documents or other information are returned to the Producing Party so they may be properly designated under this Order.

14. Any party may seek to modify, expand, cancel, or supersede this Order by stipulation of the Parties or by motion on notice. Nothing in this Order shall:

a. Prejudice in any way the rights of any party to object to the production of Documents or information it considers not subject to discovery; or

b. Prejudice in any way the rights of a party to seek a Court determination of whether particular Documents and/or information shall be produced or, if produced, whether such material should be subject to the terms of this Order; or

c. Prejudice in any way the rights of a party to apply to the Court for further orders relating to any Confidential Information.

15. This Order shall not limit any party from seeking a modification of this Order or further protection from the Court, if such party deems it necessary to do so.

IT IS SO ORDERED this **24th** day of January, 2006.

/s/ *C. Christopher Hagy*
HON. C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

*SIGNATURES CONTINUED ON FOLLOWING PAGE*

Consented to by:

| | |
|---|---|
| s/ Kristine E. Orr | s/ Richard M. Escoffery |
| Kristine E. Orr | Stanford G. Wilson |
| Georgia Bar No. 554630 | Georgia Bar No. 769175 |
| E. Wycliffe Orr | Richard M. Escoffery |
| Georgia Bar No. 554500 | Georgia Bar No. 250225 |
| | Brendalyn B. Lumpkins |
| Counsel for Plaintiffs | Georgia Bar No. 372985 |
| | |
| ORR & ORR, LLP | Counsel for Defendants |
| P.O. Box 2944 | |
| Gainesville, Georgia 30503 | ELARBEE, THOMPSON, |
| (770) 534-1908 | SAPP & WILSON, LLP |
| (770) 536-5910 (facsimile) | 800 International Tower |
| | 229 Peachtree Street, N.E. |
| | Atlanta, Georgia 30303 |
| | (404) 659-6700 |
| | (404) 222-9718 (facsimile) |